# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK    Index No.: 13-1727
COUNTY OF ULSTER
-------------------------------------------------------X
NICHOLAS WILEY,

                              Plaintiff(s),

      - against -

MARJAM SUPPLY CO., INC., MARJAM SUPPLY OF
BAYSHORE, INC., MARJAM SUPPLY OF REWE
STREET LLC, PLAYHOUSE AND ELWYNN
LIMITED PARTNERSHIP, WOODSTOCK
COMMONS HOUSING DEVELOPMENT FUNDING
COMPANY, INC., RURAL ULSTER PRESERVATION
COMPANY, INC., LIBOLT & SONS, INC. D/b/a
AFFORDABLE HOUSING CONCEPTS, THE
ROCKER II DRYWALL SERVICES, LLC, CHICKETA
WATSON, JUMPSTART REALITY, LLC, HTR
CONSTRUCTION LTD., TRI-CON
CONSTRUCTION LTD., MOMBASHA ELECTRIC
CONTRACTING INC., and DYNAMIC PLUMBING,
HEATING & AIR CONDITIONING COMPANY,
INC.,

                            Defendant(s).
-------------------------------------------------------X

**SECOND AMENDED
SUMMONS**

Plaintiffs designate ULSTER
County as the place of trial.

The basis of venue is:
Residence of Plaintiff
Plaintiff(s) resides in Ulster
County

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance on the plaintiff's attorneys within twenty days after the service of
this summons, exclusive of the day of service, where service is made by delivery upon you
personally within the state, or, within 30 days after completion of service where service is
made in any other manner. In case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the complaint.

Dated:      Kingston, New York
             Date

                                     ————————————————————

                                     MAINETTI, MAINETTI & O'CONNOR, P.C.
                                     Attorneys for Plaintiff(s)
                                     130 N. Front Street
                                     Kingston, New York 12401
                                     (845) 331-9434

DEFENDANTS' ADDRESSES:
See Annexed Verified Amended Complaint

SUPREME COURT OF THE STATE OF NEW YORK   Index No.: 13-1727
COUNTY OF ULSTER
--------------------------------------------------------------x
NICHOLAS WILEY,                                               **SECOND**
                                                             **AMENDED**
                               Plaintiff(s),                 **VERIFIED**
                                                             **COMPLAINT**

- against -
                                                             Index No.: 13-1727

MARJAM SUPPLY CO., INC., MARJAM SUPPLY OF
BAYSHORE, INC., MARJAM SUPPLY OF REWE
STREET LLC, PLAYHOUSE AND ELWYNN
LIMITED PARTNERSHIP, WOODSTOCK
COMMONS HOUSING DEVELOPMENT FUNDING
COMPANY, INC., RURAL ULSTER PRESERVATION
COMPANY, INC., LIBOLT & SONS, INC. D/b/a
AFFORDABLE HOUSING CONCEPTS, THE
ROCKER II DRYWALL SERVICES, LLC, CHICKETA
WATSON, JUMPSTART REALITY, LLC, HTR
CONSTRUCTION LTD., TRI-CON
CONSTRUCTION LTD., MOMBASHA ELECTRIC
CONTRACTING INC., and DYNAMIC PLUMBING,
HEATING & AIR CONDITIONING COMPANY,
INC.,

                               Defendant(s).
--------------------------------------------------------------x

Plaintiff, by his attorneys, **MAINETTI, MAINETTI & O'CONNOR, PC**

as and for his Verified Complaint herein, alleges the following, upon information

and belief:

### AS AND FOR A FIRST CAUSE OF ACTION (NEGLIGENCE)

1. That at all times hereinafter mentioned, the plaintiff was and still is a

resident of the County of Ulster, State of New York.

2. That at all times hereinafter mentioned, upon information and belief, the

defendant, MARJAM SUPPLY CO., INC., was and still is a domestic business

corporation organized and existing under the laws of the State of New York with

its principal office located in the County of Nassau.

3. That at all times hereinafter mentioned, upon information and belief, the

defendant, MARJAM SUPPLY OF BAYSHORE, INC., was and still is a domestic business corporation organized and existing under the laws of the State of New York with its principal office located in the County of Nassau.

4. That at all times hereinafter mentioned, upon information and belief, the defendant, MARJAM SUPPLY OF REWE STREET LLC , was and still is a domestic limited liability company organized and existing under the laws of the State of New York with its principal office located in the County of Nassau.

5. That at all times hereinafter mentioned, upon information and belief, the defendant, PLAYHOUSE AND ELWYNN LIMITED PARTNERSHIP was and still is a domestic limited partnership with its principal office located in the County of Ulster.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, WOODSTOCK COMMONS HOUSING DEVELOPMENT FUNDING COMPANY, INC. was and still is a domestic corporation with its principal office located in the County of Ulster.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, RURAL ULSTER PRESERVATION COMPANY, INC. was and still is a domestic  corporation with its principal office located in the County of Ulster.

8. That at all times hereinafter mentioned, upon information and belief, the defendant,  LIBOLT & SONS, INC. was and still is a domestic business corporation organized and existing under the laws of the State of New York with its principal office located in the County of Ulster.

9. That at all times hereinafter mentioned, upon information and belief, the defendant,  LIBOLT & SONS, INC. was and still is doing business as AFFORDABLE HOUSING CONCEPTS.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, THE ROCKER II DRYWALL SERVICES, LLC, was and still is a domestic business corporation organized and existing under the laws of the State of New York with its principal office located in the County of Orange.

11. That at all times hereinafter mentioned, upon information and belief, the defendant CHICKETA WATSON, was and still is a natural person residing in the State of Connecticut.

12. That at all times hereinafter mentioned, the defendant JUMPSTART REALITY, LLC, was and still is a limited liability corporation organized and existing under the laws of the State of Connecticut with its principal office located in the State of Connecticut.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, HTR CONSTRUCTION LTD, was and still is a domestic business corporation organized and existing under the laws of the State of New York with its principal office located in the County of Orange.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, TRI-CON CONSTRUCTION LTD. , was and still is a foreign business corporation organized and existing under the laws of the State of New Jersey that is authorized to do business in the State of New York.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, MOMBASHA ELECTRIC CONTRACTING INC., was and still is a domestic business corporation organized and existing under the laws of the State of New York with its principal office located in the County of Orange.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, DYNAMIC PLUMBING, HEATING & AIR CONDITIONING

COMPANY, INC. was and still is a domestic business corporation organized and existing under the laws of the State of New York with its principal office located in the County of Orange.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, PLAYHOUSE AND ELWYNN LIMITED PARTNERSHIP was an owner of certain real property located in the Town of Woodstock, County of Ulster, State of New York on and within which was located a construction project known as "Woodstock Commons."

18. That at all times hereinafter mentioned, upon information and belief, the defendant, WOODSTOCK COMMONS HOUSING DEVELOPMENT FUNDING COMPANY, INC. was an owner of certain real property located in the Town of Woodstock, County of Ulster, State of New York on and within which was located a construction project known as "Woodstock Commons."

19. That at all times hereinafter mentioned, upon information and belief, the defendant, PLAYHOUSE AND ELWYNN LIMITED PARTNERSHIP and the defendant WOODSTOCK COMMONS HOUSING DEVELOPMENT FUNDING COMPANY, INC., acting as a partnership, was an owner of certain real property located in the Town of Woodstock, County of Ulster, State of New York on and within which was located a construction project known as "Woodstock Commons."

20. That at all times hereinafter mentioned, upon information and belief, the defendant, RURAL ULSTER PRESERVATION COMPANY, INC. was an owner of certain real property located in the Town of Woodstock, County of Ulster, State of New York on and within which was located a construction project known as "Woodstock Commons."

21. That at all times hereinafter mentioned, upon information and belief, the defendant, RURAL ULSTER PRESERVATION COMPANY, INC. was acting as an agent of an owner of certain real property located in the Town of Woodstock, County of Ulster, State of New York on and within which was located a construction project known as "Woodstock Commons."

22. That at all times hereinafter mentioned, upon information and belief, the defendant, LIBOLT & SONS, INC. d/b/a AFFORDABLE HOUSING CONCEPTS was the general contractor for the said construction project known as "Woodstock Commons."

23. That at all times hereinafter mentioned, upon information and belief, the defendant, THE ROCKER II DRYWALL SERVICES, LLC, was a subcontractor of the defendant LIBOLT & SONS, INC. d/b/a AFFORDABLE HOUSING CONCEPTS on the said construction project known as "Woodstock Commons."

24. That at all times hereinafter mentioned, upon information and belief, the defendant, HTR CONSTRUCTION LTD, was a subcontractor of the defendant LIBOLT & SONS, INC. d/b/a AFFORDABLE HOUSING CONCEPTS on the said construction project known as "Woodstock Commons."

25. That at all times hereinafter mentioned, upon information and belief, the defendant, TRI-CON CONSTRUCTION LTD. , was a subcontractor of the defendant LIBOLT & SONS, INC. d/b/a AFFORDABLE HOUSING CONCEPTS on the said construction project known as "Woodstock Commons."

26. That at all times hereinafter mentioned, upon information and belief, the defendant, MOMBASHA ELECTRIC CONTRACTING INC., was a subcontractor of the defendant LIBOLT & SONS, INC. d/b/a AFFORDABLE

HOUSING CONCEPTS on the said construction project known as "Woodstock Commons."

27. That at all times hereinafter mentioned, upon information and belief, the defendant, DYNAMIC PLUMBING, HEATING & AIR CONDITIONING COMPANY, INC. was a subcontractor of the defendant LIBOLT & SONS, INC. d/b/a AFFORDABLE HOUSING CONCEPTS on the said construction project known as "Woodstock Commons."

28. That at all times hereinafter mentioned, upon information and belief, the object of the said construction project known as "Woodstock Commons" was to construct new multi-family apartment buildings and related structures on the aforesaid real property.

29. That at all times hereinafter mentioned, upon information and belief, it was and still is the intention of the owner or owners of the said real property to rent said apartment buildings, once completed, to members of the public.

30. That on July 30, 2012 the plaintiff was lawfully upon the real property on which the aforesaid "Woodstock Commons" construction project was being constructed. and was then and there acting within the scope of his employment by DJ Heating & Air Conditioning.

31. That on July 30, 2012 the plaintiff , while acting within the scope of his employment by DJ Heating & Air Conditioning.,was engaged in the construction and erection of an apartment building as part of the "Woodstock Commons" construction project at the aforesaid real property.

32. That during and as part of the performance of such work, the plaintiff was walking on the second floor of an apartment building that was under construction.

33.  That while the plaintiff was in that location and was walking past sheets of drywall that had been stacked against a wall that was under construction, sheets of drywall fell onto the plaintiff, thereby causing the plaintiff to sustain severe and serious personal injuries to his right lower extremity.

34. That the plaintiff had not come into contact with any of the sheets of drywall before the sheets fell on him.

35. Upon information and belief, the total weight of the sheets of drywall that fell onto the plaintiff was in excess of one thousand pounds.

36.  Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant MARJAM SUPPLY CO., INC., its agents, servants, and/or employees.

37.  Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant MARJAM SUPPLY OF BAYSHORE, INC., its agents, servants, and/or employees.

38.  Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant MARJAM SUPPLY OF REWE STREET LLC., its agents, servants, and/or employees.

39.  Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant PLAYHOUSE AND ELWYNN LIMITED PARTNERSHIP, its agents, servants, and/or employees.

40. Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant WOODSTOCK COMMONS HOUSING DEVELOPMENT FUNDING COMPANY, INC., its agents, servants, and/or employees.

41. Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant RURAL ULSTER PRESERVATION COMPANY, INC. , its agents, servants, and/or employees.

42. Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant LIBOLT & SONS, INC. d/b/a AFFORDABLE HOUSING CONCEPTS, its agents, servants, and/or employees.

43. Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant THE ROCKER II DRYWALL SERVICES, LLC, its agents servants and/or employees.

44. Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant CHICKETA WATSON, or said defendant's agents servants and/or employees.

45. Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant JUMPSTART REALITY, LLC, its agents servants and/or employees.

46. Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by

the defendant HTR CONSTRUCTION LTD., its agents servants and/or employees.

47. Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant TRI-CON CONSTRUCTION LTD. , its agents servants and/or employees.

48. Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant MOMBASHA ELECTRIC CONTRACTING INC., its agents servants and/or employees.

49. Upon information and belief, the sheets of drywall that fell onto the plaintiff had been stacked at the location from which they fell onto the plaintiff by the defendant DYNAMIC PLUMBING, HEATING & AIR CONDITIONING COMPANY, INC., its agents servants and/or employees.

50. Upon information and belief, the negligent, wanton, reckless and careless acts of the defendants, their agents, servants and/or employees caused the said accident and resultant injuries to the plaintiff

51. Upon information and belief,  the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous and/or unsafe conditions to exist on the aforesaid premises; in violating Sections 200, 240 (1) and 241(6) of the Labor Law of the State of New York; in failing to provide the plaintiff with a safe place to work; in acting with reckless disregard for the safety of others; in negligently stacking the sheets of drywall that fell onto the plaintiff; in negligently failing to take measures to prevent the stacked drywall from falling

onto persons walking by, such as the plaintiff; in failing to employ equipment to prevent the stacked drywall from falling on persons walking by, such as the plaintiff; in negligently failing to place the drywall flat on the floor or in a stack flat on the floor, so that it could not fall on persons walking by, such as the plaintiff; in failing to have planned for sufficient space in which to store the drywall safely after it was delivered and before it was used; in failing to coordinate the work properly so that there was space to store the drywall safely before it was to be used in an area where it could be stored flat or on a stack; flat on the floor; and the defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

52. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident such that in the exercise of reasonable care the defendants could have and should have had knowledge and notice thereof and further, the defendant, their agents, servants and/or employees created said conditions.

53. The plaintiff claims the following exceptions to CPLR Article 16: 1602(2)(iv), 1601(1), 1602(4), 1602(7) and 1602(8).

54. That by reason of the foregoing, the plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effect of pain, disability, disfigurement and loss of body function. Further, the plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from his normal vocation and activities, and upon

information and belief, may continue in that way into the future and suffer similar losses.

55. That by reason of the foregoing, the plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

### AS AND FOR A SECOND CAUSE OF ACTION (LABOR LAW §200)

56. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if more fully set forth herein at length.

57. That the defendants PLAYHOUSE AND ELWYNN LIMITED PARTNERSHIP, WOODSTOCK COMMONS HOUSING DEVELOPMENT FUNDING COMPANY, INC., RURAL ULSTER PRESERVATION COMPANY, INC., LIBOLT & SONS, INC. d/b/a AFFORDABLE HOUSING CONCEPTS, THE ROCKER II DRYWALL SERVICES, LLC, HTR CONSTRUCTION LTD., TRI-CON CONSTRUCTION LTD. , MOMBASHA ELECTRIC CONTRACTING INC., and DYNAMIC PLUMBING, HEATING & AIR CONDITIONING COMPANY, INC., their agents, servants and/or employees were under a non-delegable duty to construct, equip, arrange, operate and conduct the workplace so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places, including the plaintiff.

58. That the said defendants, their agents, servants and/or employees failed to properly construct, equip, arrange, operate and conduct the workplace, so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places, including the

plaintiff.

59.  That the said defendants, and each of them, violated Section 200 of the Labor Law and rules and regulations implemented thereunder by failing to properly construct, equip, arrange, operate and conduct the workplace, so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places, including the plaintiff.

60.  That due to the breach and/or violation of the defendants' duties and the aforesaid statutory requirements, the defendants, and each of them, are responsible and liable to the plaintiff for his injuries and damages.

61.  That by reason of the foregoing, the plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

### AS AND FOR A THIRD CAUSE OF ACTION (LABOR LAW §240(1))

62.  The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61 with the same force and effect as if more fully set forth herein at length.

63.  That the defendants PLAYHOUSE AND ELWYNN LIMITED PARTNERSHIP, WOODSTOCK COMMONS HOUSING DEVELOPMENT FUNDING COMPANY, INC., RURAL ULSTER PRESERVATION COMPANY, INC., LIBOLT & SONS, INC. d/b/a AFFORDABLE HOUSING CONCEPTS, THE ROCKER II DRYWALL SERVICES, LLC, HTR CONSTRUCTION LTD., TRI-CON CONSTRUCTION LTD. , MOMBASHA ELECTRIC CONTRACTING INC., and DYNAMIC PLUMBING, HEATING & AIR CONDITIONING COMPANY, INC., their agents, servants and/or employees were under an absolute

and non-delegable duty to furnish or erect, or cause to be furnished or erected for the safety of the plaintiff  necessary equipment and safety devices for the performance of the work that he was performing on the aforesaid premises.

64.  That the said defendants, their agents, servants and/or employees failed to provide such devices and equipment and/or failed to construct, place and operate such devices so as to give proper protection to the plaintiff  in violation of Section 240 (1) of the Labor Law of the State of New York.

65.  That due to the breach and/or violation of the defendants' duties and the aforesaid statutory requirements, the said defendants, their agents, servants and/or employees are responsible and liable to the plaintiff for his injuries and damages.

66.  That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## AS AND FOR A FOURTH CAUSE OF ACTION (LABOR LAW §241(6))

67.  The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if more fully set forth herein at length.

68.  That the defendants PLAYHOUSE AND ELWYNN LIMITED PARTNERSHIP,  WOODSTOCK COMMONS HOUSING DEVELOPMENT FUNDING COMPANY, INC., RURAL ULSTER PRESERVATION COMPANY, INC., LIBOLT & SONS, INC. d/b/a AFFORDABLE HOUSING CONCEPTS, THE ROCKER II DRYWALL SERVICES, LLC, HTR CONSTRUCTION LTD., TRI-CON CONSTRUCTION LTD. , MOMBASHA ELECTRIC CONTRACTING INC., and DYNAMIC PLUMBING, HEATING & AIR CONDITIONING

COMPANY, INC., their agents, servants and/or employees were under a non-delegable duty to furnish the plaintiff a safe place to work and a secure and properly protected workplace.

69. That the said defendants, their agents, servants and/or employees failed to furnish plaintiff a safe place to work and they failed to properly secure and protect the workplace in violation of Section 241(6) of the Labor Law and Industrial Code rules and regulations implemented thereunder.

70. That due to the breach and/or violation of the defendants' duties and the aforesaid statutory requirements, the said defendants, their agents, servants and/or employees are responsible and liable to the plaintiff for his injuries and damages.

71. That by reason of the foregoing, the plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE,** plaintiff demands judgment against the defendants, and each of them, as follows:

1) A sum which the jury would find to be fair, adequate and just under the First Cause of Action;

2) A sum which the jury would find to be fair, adequate and just under the Second Cause of Action;

3) A sum which the jury would find to be fair, adequate and just under the Third Cause of Action;

4) A sum which the jury would find to be fair, adequate and just under the Fourth Cause of Action, and

Dated: Kingston , New York
     DATE

Yours, etc.,

MAINETTI, MAINETTI &
O'CONNOR, PC

_____
ALFRED B. MAINETTI, ESQ.
Attorneys for Plaintiff
Office & P.O. Address
130 North Front Street
Kingston, NY 12401

TO:

MARJAM SUPPLY CO., INC.
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

MARJAM SUPPLY OF BAYSHORE, INC.
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

MARJAM SUPPLY OF REWE STREET LLC,
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

PLAYHOUSE AND ELWYNN LIMITED PARTNERSHIP
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

WOODSTOCK COMMONS HOUSING
DEVELOPMENT FUNDING COMPANY, INC.
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

RURAL ULSTER PRESERVATION COMPANY, INC.
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

LIBOLT & SONS, INC.
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

THE ROCKER II DRYWALL SERVICES, LLC,
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

CHICKETA WATSON
741 Brewster Street
Bridgeport, CT 06605.

JUMPSTART REALITY, LLC
699 Brewster Street
Bridgeport, CT 06605

HTR CONSTRUCTION LTD.
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

TRI-CON CONSTRUCTION LTD.
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

MOMBASHA ELECTRIC CONTRACTING INC.
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

DYNAMIC PLUMBING, HEATING & AIR CONDITIONING COMPANY, INC.
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231